IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERIC ROMAR STANLEY                                                                              PLAINTIFF

v.                                           Civil No. 4:20-cv-04014

OFFICER ROBINSON, Correctional Officer, Miller
County Detention Center; and STUTTERD, Correctional
Officer, Miller County Detention Center                                                   DEFENDANTS

## **ORDER**

Currently before the Court is Plaintiff's failure to obey a Court order and failure to prosecute this case. Plaintiff, Eric Romar Stanley, filed his Complaint *pro se* on January 17, 2020, in the Eastern District of Arkansas. (ECF No. 2). The case was transferred to this Court on January 28, 2020. (ECF No. 4).

On January 29, 2020, the Court entered an Order directing Plaintiff to file an Amended Complaint and to return a completed *in forma pauperis* (IFP) application by February 19, 2020. (ECF No. 6). The Order states: "If Plaintiff fails to return the completed IFP application or pay the $400 by February 19, 2020, the complaint shall be subject to summary dismissal for failure to obey an order of the Court." *Id*. The Order further states: "This case shall be subject to dismissal if Plaintiff fails to return the Amended Complaint by the Court's imposed deadline of February 19, 2020." *Id*. Plaintiff filed a completed IFP application on February 18, 2020; however, Plaintiff failed to file an Amended Complaint.

On February 25, 2020, this Court entered an Order giving Plaintiff until March 10, 2020, to show cause why this action should not be dismissed for failure to obey an order of the Court. (ECF No. 11). To date, Plaintiff has not responded to the Court's Order. None of the Court's mailings to Plaintiff have been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an order of the Court and has failed to prosecute this matter. Accordingly, the Court finds that Plaintiff's Complaint (ECF No. 2) should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED THIS**, 19th day of March, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge